UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Richard,<br><br>                Petitioner,<br><br>   v.<br><br>Uttecht,<br><br>                Respondent. | CASE NO. 3:20-cv-06245-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: April 30, 2021 |

      The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Hunter Christian filed his federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 3. The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition; however, a state remedy remains available to Petitioner. Therefore, the Court recommends the Petition be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction of one count of first-degree child molestation. Dkt. 8, Exhibit 1. Petitioner was sentenced in July 2018 to an indeterminate sentence with a standard-range minimum of 66 month's confinement and lifetime supervision on community custody. *Id.*

Petitioner appealed his conviction to the Washington Court of Appeals. Dkt. 8, Exhibit 2. Petitioner raised three assignments of error: 1) the prosecutor committed misconduct in his cross-examination of Richard and in closing argument; (2) one of the court-imposed conditions of community custody (Condition 19) is unconstitutionally vague; and (3) the court-imposed costs and fees in Petitioner's judgment and sentence should be stricken. *Id.* On April 27, 2020, the Washington Court of Appeals affirmed Petitioner's conviction and rejecting his prosecutorial misconduct claim and his challenge to the community custody condition. Dkt. 8, Exhibit 5. However, the Washington Court of Appeals remanded to the trial court to modify the legal financial obligations imposed in the judgment and sentence. *Id.* at 13-16. Petitioner did not seek further review and the Washington Court of Appeals issued its mandate on June 10, 2020. Dkt. 8, Exhibit 6.

Petitioner filed this Petition on December 23, 2020. Dkts. 1, 3. Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. On March 4, 2021, Respondent filed an Answer, wherein he asserts Petitioner has not properly exhausted his available state court remedies. Dkt. 7, 8. Respondent maintains the Petition is unexhausted, and in the alternative, the Court should deny the petition on the merits because Petitioner has failed to present a colorable federal claim. Dkt. 7, 8. Petitioner did not file a traverse.

## DISCUSSION

### I. Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, Petitioner has not exhausted his state remedies with respect to the four grounds raised in the Petition. Because the state courts have not yet had a full and fair opportunity to consider the merits of Petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the 'same claims' that are 'fairly' presented to the highest state court.").

### II. Available State Remedies

Respondent concedes there is a state remedy available. Dkt. 7. If there is a state remedy available, Petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

REPORT AND RECOMMENDATION - 3

Here, Petitioner has an available state remedy. Washington State imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. In this case, Petitioner's conviction became final on June 10, 2020 the date the mandate was issued by the Washington Court of Appeals. Dkt. 8, Exhibit 6; RCW § 10.73.090(3)(b). Petitioner has one year from the date the judgment became final to file a petition or motion for post-conviction relief in state court. *See* RCW § 10.73.090(1), (2), (3)(a).

Petitioner failed to properly exhaust his state remedies and state remedies remain available to him. Accordingly, the undersigned recommends the Petition be dismissed without prejudice. *See Hill v. Hill*, 2001 WL 34727917 (D. Or. June 29, 2001). Because the Court has determined the Petition is unexhausted and recommends dismissal without prejudice, the Court declines to address whether the Petition is procedurally defaulted or the merits of Petitioner's claims at this time.

**EVIDENTIARY HEARING**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

**CONCLUSION**

The Court recommends the Petition be dismissed without prejudice. No evidentiary hearing is necessary, and the Court recommends denying a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April 30, 2021 as noted in the caption.

Dated this 12th day of April, 2021.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge